IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORI J. TAGUMA,

                        Plaintiff,

      v.

EDWARD J. BENTON, JR. and
DANIELLE GEORGE BENTON,

                        Defendants.

OPINION AND ORDER

19-cv-199-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief, plaintiff Lori Taguma, who is a member of the Lac Courte Oreilles Tribe, contends that fellow members of the tribe, defendants Edward and Danielle Benton, violated her rights by threatening her and her family members with violence, shooting at her and her family members, using their influence within the tribe to encourage others to terminate her job and discontinue her mother's Bureau of Indian Affairs lease, damaging her and her family's vehicles and other property and otherwise harassing her.

Because plaintiff is proceeding without prepayment of the filing fee, her complaint must be screened under 28 U.S.C. § 1915(e) to determine whether her complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief. After reviewing the complaint, I conclude that plaintiff may not proceed on any claim because her complaint does not involve any federal claim over which this court has jurisdiction.

1

A federal district court has limited jurisdictional authority. Generally, it may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendant are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. Although plaintiff alleges that she and both defendants are Native American, diversity jurisdiction does not exist because all of the parties live in Hayward, Wisconsin. Richardson v. Malone, 762 F. Supp. 1463, 1466-67 (N.D. Ok. 1991) ("Native American residing within the borders of a state is a citizen of that state.")); Bresette v. Buffalo-Reyes, 2006 WL 3017256, at *1 (W.D. Wis. Aug. 7, 2006). Therefore, this court would have jurisdiction over plaintiff's claims only if they arise under the United States Constitution or other federal law.

Plaintiff's claims all seem to relate to matters involving state tort or criminal law and therefore must be brought in state court. Bresette, 2006 WL 3017256, at *1 ("Federal jurisdiction is not present just because the alleged [violation of state law] occurred on an Indian reservation."). Although she does not say so expressly, plaintiff may be attempting to allege that defendants violated her constitutional rights. A plaintiff may bring a claim under 42 U.S.C. § 1983 to address the deprivation of a right secured by the Constitution or laws of the United States if the alleged deprivation was committed under the color of state law. American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). However, plaintiff does not allege any facts that suggest that defendants were public officials or acting under the color of state law. The "under-color-of-state-law element of § 1983

excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Id. (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).

Although plaintiff has made it clear that defendants have strong ties to members of the tribal council and are powerful within the community, federal courts have found that "[a] § 1983 action is unavailable 'for persons alleging deprivation of constitutional rights under color of tribal law.'" Burrell v. Armijo, 456 F.3d 1159, 1174 (10th Cir. 2006) (quoting R.J. Williams Co. v. Fort Belknap Housing Authority, 719 F.2d 979, 982 (9th Cir. 1983)). See also Dallas v. Hill, 2019 WL 403713, at *3 (E.D. Wis. Jan. 31, 2019) (holding same). Similarly, plaintiff may not sue defendants as tribal actors under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides relief for alleged constitutional violations by federal officials. Evans v. Little Bird, 656 F. Supp. 872, 874 (D. Mont. 1987), aff'd in part, Evans v. McKay, 869 F.2d 1341, 1347 (9th Cir. 1989).

Accordingly, this case must be dismissed for lack of subject matter jurisdiction. Plaintiff must bring her claims in state court or in the tribal court that has jurisdiction over the Lac Courte Oreilles Tribe. Bresette, 2006 WL 3017256, at *1; Evans, 656 F. Supp. at 874 (redress for deprivation of civil rights under color of tribal law must be sought in appropriate tribal court under Indian Civil Rights Act, 25 U.S.C. §§ 1301-1303).

ORDER

IT IS ORDERED that plaintiff Lori Taguma's complaint is DISMISSED for lack of

3

subject matter jurisdiction.

 Entered this 26th day of April, 2019.

          BY THE COURT:

          /s/
          _____
          BARBARA B. CRABB
          District Judge